UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RITA TRENTADUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 06-1296 |
| ) | |
| MARK ALLEN COLE, LEE REDMON, ) | |
| and PEKIN COMMUNITY HIGH SCHOOL ) | |
| DISTRICT NO. 303, ) | |
| ) | |
| Defendants. ) | |

## O R D E R

This matter is now before the Court on a Motion to Dismiss by Defendant Lee Redmon ("Redmon"). For the reasons set forth below, the Motion to Dismiss [#8] is GRANTED.

### JURISDICTION

The Court has original jurisdiction in this matter pursuant to 28 U.S.C. § 1331, as the claim arises under 42 U.S.C. § 1983 and Title IX, 20 U.S.C. § 1681(a).

### BACKGROUND

During the 2003-04 academic year, Plaintiff, Rita Trentadue ("Trentadue"), was a 16 year-old student at Defendant Pekin Community High School ("PCHS"). Defendants Mark Allen Cole ("Cole") and Redmon were Junior ROTC Instructors at PCHS. Trentadue was enrolled in the Junior ROTC class under Cole's supervision. During this time, she alleges that she was subjected to unwanted and unwelcome sexual advances, harassment, and fondling by Cole. Redmon purportedly knew of or was deliberately indifferent to the risk that Cole was sexually harassing Trentadue and other female students. As a result,

Trentadue claims that she suffered severe mental distress and was prevented from achieving the same level of academic performance that she had before encountering the conduct complained of defendants.

Redmon has moved to dismiss the Complaint. The matter is now fully briefed, and this Order follows.

## STANDARD OF REVIEW

In resolving a motion to dismiss, this Court must consider all well-pled facts as true and must draw all inferences in favor of the non-moving party. Bontkowski v. First Nat. Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993), *cert. denied*, 114 S.Ct. 602 (1993); Albright v. Oliver, 510 U.S. 266, 268 (1994); Hishon v. King & Spalding, 467 U.S. 69 (1984); Lanigan v. Village of East Hazel Crest, 110 F.3d 467 (7th Cir. 1997); M.C.M. Partners, Inc. v. Andrews-Bartlett & Assoc., Inc., 62 F.3d 967, 969 (7th Cir. 1995). In ruling on a motion to dismiss, courts consider whether relief is possible under any set of facts that could be established consistent with the allegations in the Complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This Court will dismiss a claim only if it is beyond doubt that no set of facts would entitle the Plaintiffs to relief. Chaney v. Suburban Bus Div., 52 F.3d 623, 627 (7th Cir. 1995); Venture Associates Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 432 (7th Cir. 1993).

## DISCUSSION

Redmon argues that the § 1983 claim against him individually should be dismissed because the Complaint does not allege facts from which liability could be imposed against him. Specifically, he asserts that Trentadue has alleged nothing more than liability based

on his status as a "supervisory employee" over Cole, and such a claim is completely preempted by Title IX.

Trentadue has alleged that she was the victim of unlawful sexual discrimination and harassment that interfered with her federally funded education. Title IX of the Education Amendments of 1972 prohibits discrimination on the basis of sex in educational programs and activities which receive federal funding. Mary M. v. North Lawrence Community School Corp., 131 F.3d 1220, 1224 (7th Cir. 1998), *cert. denied*, 118 S.Ct. 2369 (1998). Specifically, the relevant portion of Title IX provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . . .

20 U.S.C. § 1681(a).

"When a claim for damages is based on the behavior of a teacher or of some other employee of the Title IX recipient, the plaintiff must prove that 'an official of the [defendant educational insitution] who at a minimum has authority to institute corrective measures . . . has actual notice of, and is deliberately indifferent to, the teacher's misconduct.'" Doe v. Smith, 470 F.3d 331, 338 (7th Cir. 2006), *citing* Delgado v. Stegall, 367 F.3d 668, 671 (7th Cir. 2004). Trentadue argues that the Motion to Dismiss cannot be granted because it is unclear at this stage of the proceedings whether Redmon had sufficient authority to subject PCHS to Title IX liability. While this may be an accurate observation with respect to the status of the record, her argument actually addresses the viability of her Title IX claim. In so arguing, she misinterprets the scope and purpose of Title IX preemption and misses the point being made in the Motion.

Redmon is not arguing that he did not have sufficient authority to bind the school district for purposes of Title IX, and in fact, dismissal of the Title IX claim is not sought. Rather, Redmon asserts that Trentadue's § 1983 claim cannot be maintained against him, as he is not the alleged harasser, but is sued only for his purported deliberate indifference in his supervision of the alleged harasser, Cole. Trentadue has essentially alleged that Redmon and the school district turned a blind eye to Cole's harassment of and discrimination against her and other female ROTC students.

In Doe, the Seventh Circuit defined the precise contours of Title IX's preemption in the context of constitutional claims against a school district and its officials and/or teachers. Id., at 339. The Court of Appeals held that Title IX furnishes all necessary relief against the school itself, thereby preempting any parallel right of action under § 1983 against the school or officials acting in their official capacities. Id. Furthermore, school officials who are not the alleged malefactors, but "whose alleged liability arises only to the extent that they were responsible for implementing an unlawful practice or policy," are shielded from individual liability under § 1983. Id., *citing* Boulahanis v. Board of Regents, 198 F.3d 633, 639 (7th Cir. 1999). The Seventh Circuit noted:

> [W]e have held that a section 1983 claim is not cognizable because Title IX provides comprehensive recourse (the loss of federal funds) for the discriminatory practice or policy. "Congress intended to place the burden of compliance with civil rights law on education institutions themselves, not on the individual officials associated with those institutions."

Doe, 470 F.3d at 339, *citing* Waid v. Merrill Area Pub. Schs., 91 F.3d 857, 862 (7th Cir. 1996).

Here, even when construed in the light most favorable to Trentadue, the Complaint does not promote a reasonable inference that Redmon is anything other than a school

- 4 -

official whose alleged liability arises solely from the fact that he was purportedly indifferent to the harassment of female students by Cole. He was not the alleged malefactor and is not alleged to have used his position to sexually harass and abuse students. In fact, Trentadue's deliberate indifference/failure to protect claim against Redmon is essentially identical to her claim against PCHS. Thus, he fits precisely within the contours of insulation from personal liability set forth in <u>Doe</u>, <u>Boulahanis</u>, and <u>Waid</u>, and the § 1983 claim against him must be dismissed.

## **CONCLUSION**

For the reasons set forth above, the Redmon's Motion to Dismiss [#8] is GRANTED. Redmon is now terminated as a party defendant in this action, and the remainder of the case, including Trentadue's Title IX claim against PCHS and her § 1983 claim against Cole shall proceed.

ENTERED this 23rd day of May, 2007.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge